**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **JENNIFER DEESE,** | ) | |
| | ) | **Case No. 1:23-cv-785** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SYNCHRONY BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the plaintiff, JENNIFER DEESE, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, SYNCHRONY BANK, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    JENNIFER DEESE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Indianapolis, County of Marion, State of Indiana.

5.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.    SYNCHRONY BANK, (hereinafter, "Defendant") is a business entity engaged in providing consumer loans and financing as well as other financial services within the State of Indiana.  Defendant is incorporated in the State of Indiana.

7.    At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV.    ALLEGATIONS

8.    As alleged in this pleading, "credit reports" are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.    Plaintiff does not currently have an account or loan open with Defendant.

10.    Plaintiff previously had an open account with Defendant.

11.    In August of 2022, Defendant closed its account with Plaintiff.

12.    On December 4, 2022, Plaintiff pain in full all balances owed to Defendant.

13.    As of December 4, 2022 Plaintiff no longer had a an account or any personal or business relationship with Defendant.

14.    As of on or about December 13, 2022, Plaintiff did not have an account or loan open with Defendant.

15.    As of on or about December 13, 2022, Plaintiff did not owe any debt to Defendant.

16.    As of on or about December 13, 2022, Plaintiff did not have any personal business relationship with Defendant.

17.    As of on or about December 13, 2022, Plaintiff did not submit an application for financing to Defendant.

18.    Given the facts delineated above, Defendant had no information in its possession to suggest that Plaintiff had engaged in any business activity with Defendant.

19.    Given the facts delineated above, Defendant had no information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

20.    Given the facts delineated above, Defendant had no information in its possession to suggest that Plaintiff was trying to obtain credit from Defendant.

21.    Experian Information Solutions, Inc., (hereinafter, "Experian") is a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(f).  Experian is a data repository that assembles and stores information on consumers for the purpose of furnishing consumer reports to third parties.

22.    Trans Union, LLC (hereinafter, "Trans Union") is a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(f).  Trans Union is a data repository that assembles and stores information on consumers for the purpose of furnishing consumer reports to third parties.

23.    Consumer reports contain personal, private, and highly confidential information, including: (i) different variations of an individual's full name, including middle name and/or middle initial(s); (ii) current address at which an individual resides; (iii) previous address(es) at which an individual has resided; (iv) social security number; (v) date of birth; (vi) current telephone number; (vii) previous known telephone number(s); (viii) current employer; (ix) former employer(s); (x) public records; (xi) account histories with all reporting creditors, including, but not limited to, home loans, car loans, credit cards, charge cards, and store cards; and, (xii) records of requests for a consumer report by third parties (hereinafter collectively, "Confidential Information").

24.    Given the overwhelming scope of the information available when one procures a consumer report about another, in 1970 Congress enacted the FCRA to protect consumer privacy

by requiring consumer reporting agencies to, *inter alia*, limit the furnishing of consumer reports to statutorily enumerated purposes only.  See *TRW Inc., v. Andrews*, 534 U.S. 19, 23 (2001).

25.    The statute was created in response to "concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions." *Syed v. M-I, LLC et al.,* 846 F.3d 1034, 1037 (9th Cir. 2017) (citing the FCRA, Pub.L. 91-508, Section 602, 84 Stat. 1114, 1128).  *See also*,  *United States v. Bormes*, 568 U.S. 6, 7 (2012) (The Fair Credit Reporting Act has as one of its purposes to "protect consumer privacy" (quotation and citation omitted)); *Cole v. U.S. Capital*, 389 F.3d 719, 723 (7th Cir. 2004) ("In [§1681] Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies.").

26.    When it enacted the FCRA, Congress found, among other things, that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

27.    Tasked with protecting a consumer's privacy, the FCRA governs **who** can access consumer report information from credit reporting agencies and **for what purpose**.  To that end, the FCRA enumerates certain "permissible purposes" for accessing credit reports.

28.    Defendant is a subscriber and user of consumer reports issued by Experian and Trans Union.

29.    Defendant also furnishes data to Experian and Trans Union about its experiences with its customers and potential customers.

30.    Defendant is a "furnisher" of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of its business furnishes information

to one or more consumer reporting agency about its transactions and/or other experiences with consumers.

31.    Defendant has a symbiotic relationship with Experian and Trans Union such that it furnishes information to Experian and Trans Union regarding its transactions and/or other experiences with consumers while also purchasing from Experian and Trans Union information about its customers and other consumers.

32.    On or about December 13, 2022, despite being cognizant of the facts as delineated above, Defendant procured from Trans Union, and on December 16, 2022 procured from Experian a copy of Plaintiff's consumer report at which time, Defendant made a general or specific certification to Experian and Trans Union that Defendant sought the consumer report in connection with a business transaction initiated by Plaintiff, to review an account to determine whether Plaintiff continued to meet the terms of said account, or for some other permissible purpose enumerated by the FCRA.

33.    The certification made by Defendant to Experian and Trans Union was false.

34.    Despite certifying to Experian and Trans Union that it had a permissible purpose for procuring Plaintiff's consumer report, Defendant had no such permissible purpose.

35.    At no time on or prior to December 13, 2022 or December 16, 2022 did Plaintiff consent to Defendant obtaining her consumer report.

36.    On or about December 13, 2022 and December 16, 2022, despite being cognizant of the facts as delineated above, Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports.

37.     On or about December 13, 2022 and December 16, 2022, at the time Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports, Plaintiff's Confidential Information was published to Defendant.

38.     On or about December 13, 2022 and December 16, 2022, at the time Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports, Defendant reviewed Plaintiff's Confidential Information.

39.     On or about December 13, 2022 and December 16, 2022, at the time Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports, unknown employees, representative and/or agents of Defendant viewed Plaintiff's Confidential Information.

40.     On or about December 13, 2022 and December 16, 2022, at the time Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports, Defendant obtained information relative to Plaintiff's credit history and credit worthiness.

41.     Plaintiff has a right to have her Confidential Information kept private.

42.     No individual/entity is permitted to obtain and review Plaintiff's personal and confidential information unless either Plaintiff provides her consent for the release of the information or the individual/entity has a permissible purpose to obtain the confidential information as enumerated by the FCRA.

43.     Defendant procured from Experian and Trans Union Plaintiff's consumer report without her knowledge or consent.

44.     Defendant procured from Experian and Trans Union Plaintiff's consumer report without a permissible purpose.

45.    Given the facts delineated above, at or around the time that Defendant procured Plaintiff's consumer reports, Defendant knew that it lacked a permissible purpose to procure Plaintiff's consumer reports from a consumer reporting agency but proceeded to do so anyway.

46.    Given the facts delineated above, at or around the time that Defendant procured Plaintiff's consumer report, Defendant should have known that it lacked a permissible purpose to procure Plaintiff's consumer reports from a consumer reporting agency but proceeded to do so anyway.

47.    By its actions, when Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports, Defendant invaded Plaintiff's privacy.

48.    By its actions, when Defendant impermissibly procured from Experian and Trans Union Plaintiff's individual and personal credit reports, Defendant effectively intruded upon the seclusion of Plaintiff's private affairs.

49.    When Plaintiff discovered that Defendant had procured her personal, private and confidential information from Experian and Trans Union, Plaintiff was extremely angry, frustrated and suffered emotional distress resulting from Defendant's invasion of her privacy.

50.    When Plaintiff discovered that Defendant had procured her personal, private and confidential information from Experian and Trans Union, Plaintiff was extremely worried, concerned and frustrated that Defendant's impermissible access of her personal, private and confidential information from one or more consumer reporting agency could continue indefinitely.

51.    When Plaintiff discovered that Defendant had procured her Confidential Information from Experian and Trans Union, Plaintiff was concerned about the continued security and privacy of her Confidential Information.

52.     When Plaintiff discovered that Defendant had procured her Confidential Information without a permissible purpose, Plaintiff believed that Defendant would continue to act with impunity and continue to procure her Confidential Information indefinitely.

53.     The actions of Defendant caused Plaintiff to suffer from frustration, anxiety and emotional distress that manifested itself such that: (i) Plaintiff had difficulty falling to sleep and/or staying asleep; (ii) Plaintiff had a loss of appetite.

## V.     JURY DEMAND

54.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER DEESE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00 for Defendant's violation of the FCRA;

c.     Punitive damages;

d.     Plaintiff's attorneys' fees and costs; and,

e.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JENNIFER DEESE**

By:     s/ David M. Marco
Attorney for Plaintiff

<u>Dated: May 9, 2023</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com